IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

KELVIN DOWELL,

    Plaintiff,

vs.                                    Civil No. 1:22-cv-01009-SHM-tmp

NURSE DAVID KENT MATHIS, et al.,

    Defendants.

**ORDER DENYING MOTION TO QUASH (ECF NO. 22) AND
MOTION TO EXTEND TIME FOR SERVICE (ECF NO. 24)**

On January 13, 2022, Plaintiff Kelvin Dowell[1] filed a *pro se* complaint under 42 U.S.C. § 1983. (ECF No. 1.) Dowell asserted claims of gross negligence, denial of medical treatment, and medical malpractice associated with the treatment of his ruptured appendix. (*See* ECF No. 1 at PageID 4-18.) On June 27, 2022, the Court entered an order that dismissed the complaint without prejudice, directed Dowell to file an amended complaint, and denied the pending motions. (ECF No. 11.) On July 25, 2022, Dowell filed an amended *pro se* complaint under 42 U.S.C. § 1983. ("Amended Complaint", ECF No. 12.) On August 8, 2024, the Court entered an order dismissing the Amended Complaint without prejudice and directing Dowell to file a second amended complaint. (ECF No. 13.) On September 9, 2024, Dowell filed a second amended complaint. ("Second Amended Complaint", ECF No. 14.) On February 26, 2025, the Court entered an order dismissing with prejudice the claims in the Second Amended Complaint against Mathis, Rinker,

---

[1] Dowell is presently incarcerated at the Northwest Correctional Complex (the "NWCX") in Tiptonville, Tennessee. *See* Tennessee Department of Correction, Felony Offender Information, https://foil.app.tn.gov/foil/search_additional.jsp (last accessed June 3, 2025).

1

Roney, Williams, Boyd, Steve Jones, Sanford and Jackson, proceeding Dowell's delay and denial of medical care claims against Dr. Fowler and Leslie Jones (the "Remaining Defendants") in their individual capacities, and directing the Clerk to issue process for the Remaining Defendants. (ECF No. 15.) On March 3, 2025, the Clerk issued summons as to Dr. Fowler and L. Jones. (ECF No. 16.)

On April 9, 2025, Dowell filed a notice requesting information regarding service of process on the Remaining Defendants and notifying the Court that Dr. Fowler is no longer employed by Tennessee Department of Corrections ("TDOC") and that L. Jones is no longer employed as Health Administrator but as a nurse at NWCX. (*See* ECF No. 17.) On April 25, 2025, L. Jones, through counsel, filed a waiver of the service of summons. (ECF No. 18.) On May 5, 2025, the summons for Dr. Fowler and L. Jones were returned by U.S. Marshals Service ("USMS") unexecuted. (ECF Nos. 20 & 21.) On May 12, 2025, L. Jones, through counsel, filed a motion and supporting memorandum to quash returned unexecuted summons. (ECF Nos. 22 & 23.) On May 27, 2025, Dowell filed a motion to extend time for service and a notice requesting information regarding service on Dr. Fowler. (ECF Nos. 24 & 25.) On June 2, 2025, Dr. Fowler, through counsel, filed a waiver of the service of summons. (ECF No. 26.)

Before the Court is the motion to quash returned unexecuted summons (ECF No. 22) filed by L. Jones and the motion to extend time for service filed by Dowell (ECF No. 24).

I. **MOTION TO QUASH**

L. Jones argues that the Court should quash the returned unexecuted summons and attached "proof of service" because "notations contained therein create an inaccurate record, and Defendant would be prejudiced" by possibly requiring L. Jones to file a responsive pleading within twenty-one days of the alleged service instead of the sixty days that would result from the filing of a

2

waiver of service. (ECF No. 22 at PageID 371.) L. Jones' memorandum argues that L. Jones properly waived service, that the deadline to file a responsive pleading is June 24, 2025, that counsel for L. Jones did not refuse to accept service, and that L. Jones was never properly served by the USMS. (ECF No. 23 at PageID 376-380.)

In Dowell's motion to extend time for service, Dowell says that L. Jones filed a waiver of service on April 25, 2025, and that he received the voluntary executed waiver of service on April 28, 2025. (ECF No. 24 at PageID 383-84.) There is no dispute, and the record is clear that L. Jones waived service on April 25, 2025. (ECF No. 18.)

The Court construes L. Jones' motion to quash as a motion to strike pursuant to Fed. R. Civ. P. 12(f). Counsel for L. Jones is not attempting to quash service because it is clear through the waiver (ECF No. 18) that service was effected. Counsel appears to dispute the language "refused" and "refusing" that is noted on the unexecuted return of service. (*See* ECF Nos. 21 & 22 at PageID 356, 358, 370.) The return of service contains the notation by USMS that "I returned the summons unexecuted because waiver of service filed[.]" (ECF No. 21 at PageID 358.) The language on the unexecuted return of service is not immaterial, impertinent, or scandalous. The motion to strike (ECF No. 22) is **DENIED**. The deadline for L. Jones to file a responsive pleading is June 24, 2025.

## II.   MOTION TO EXTEND TIME FOR SERVICE

Dowell seeks an extension of time for the USMS to serve Dr. Fowler or to have the Obion County Sheriff's Department assist with effecting service on Dr. Fowler. (ECF No. 24.) Because Dr. Fowler has waived service of process (ECF No. 26), Dowell's motion to extend time for service (ECF No. 24) is **DENIED AS MOOT**.

3

**IT IS SO ORDERED**, this _4th_ day of June, 2025.

                                                    /s/ *Samuel H. Mays, Jr.*
                                                  SAMUEL H. MAYS, JR.
                                                  UNITED STATES DISTRICT JUDGE